IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| KASHA L. GORDON, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 3:22-cv-708-RAH-JTA |
| | ) (WO) |
| AUBURN UNIVERSITY, | ) |
| Defendant. | ) |

## **ORDER**

Before the court are the following motions: Defendant Auburn University's Motion for a Protective Order Requiring Depositions Be Taken in Auburn, Alabama (Doc. No. 69), Plaintiff Kasha L. Gordon's Motion to Use Cell Phone in Court (Doc. No. 76), and Plaintiff's Motion for an Amended Time for the Hearing for the Defendant's Motion to Compel Discovery Responses and Motion for Sanctions[1] (Doc. No. 77). For the reasons stated on the record at the oral argument held telephonically on today, it is

ORDERED as follows:

1. Defendant Auburn University's Motion for a Protective Order Requiring Depositions Be Taken in Auburn, Alabama (Doc. No. 69) is GRANTED. The court is persuaded by the holding in *McCreight v. AuburnBank, et al.*, Civil

---

[1] At the hearing held on today, Plaintiff indicated she understood this motion (Doc. No. 77) included a motion for sanctions in addition to a motion to reschedule the hearing on Defendant's Motion to Compel and Motion for Sanctions (Doc. No. 65.) It does not. In the body of the motion (Doc. No. 77), Plaintiff neither moves for sanctions, nor states grounds for imposition of sanctions, nor complies with the Federal Rules of Civil Procedure regarding motions for sanctions.

        Action No. 3:19-cv-865-MHT-SMD, 2020 WL 13002712, (M.D. Ala. 2020), and exercises its discretion to designate the location of the depositions to Auburn. Considering the place of employment for the deponents is Auburn, the lack of convenience for the deponents to travel to Montgomery, and the increased costs of the deponents to travel to Montgomery, the court finds that all factors weigh in favor of requiring the depositions to take place in Auburn. **Consequently, the plaintiff <u>shall</u> re-notice the depositions to occur in Auburn, Alabama² or through remote means.**

2.   Plaintiff Kasha L. Gordon's Motion to Use Cell Phone in Court (Doc. No. 76) is DENIED. Plaintiff shall bring a printed copy of her calendar to court proceedings.

3.   Plaintiff's Motion for an Amended Time for the Hearing for the Defendant's Motion to Compel Discovery Responses and Motion for Sanctions (Doc. No. 77) is DENIED.

Further, as the court again reminded Plaintiff at the oral argument held on today, Plaintiff is again ADVISED that she is required to comply with Rule 11 of the Federal Rules of Civil Procedure, which, by its terms, applies alike to attorneys and unrepresented parties. *Pereira v. Gunter*, No. 2:23-CV-5-ECM-JTA, 2023 WL 8467779, at *4 n.6 (M.D. Ala. May 11, 2023) ("Rule 11 binds attorneys and 'a party personally if the party is unrepresented.'" (quoting Fed. R. Civ P. 11(a))). Under Rule 11,

---

² The plaintiff can pick the location of her choosing in Auburn, Alabama.

> all pleadings, motions, and other papers filed with the court, motions for sanctions are ... subject to the requirements of Rule 11(b) of the Federal Rules of Civil Procedure, including that the motion "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law," and that "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b). Unsupported, unwarranted, or premature motions ... waste scarce judicial resources, cause unnecessary delay, and will not be tolerated.

*Id*. at *4.

DONE this 29th day of May, 2024.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE